UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| Michael Vieira : | |
| 32 Squire Lane; Unit 1 : | |
| Rochester, NH 03867 : | Civil Action # _____ |
| : | |
| Plaintiff : | |
| : | JURY TRIAL DEMANDED |
| vs. : | |
| : | |
| Joshua A. Kaplan : | |
| 32 Elmwood Ave. : | |
| Saugus, MA 01906 : | |
| : | |
| Defendant : | |

**COMPLAINT**

**PARTIES**

1.       Plaintiff, Michael Vieira, is a resident of the State of New Hampshire, residing at

the address listed in the caption of this Complaint.

2.       Upon information and belief, Defendant, Joshua A. Kaplan, is a resident of the

Commonwealth of Massachusetts, residing at the address listed in the caption of this Complaint.

**JURISDICTION**

3.       This Court has jurisdiction over the parties and subject matter of this Civil

Action-Complaint in that the Plaintiff, Michael Vieira, is a citizen of New Hampshire, and the

Defendant, Joshua A. Kaplan, is a citizen of Massachusetts and the amount in controversy in this

case, exclusive of interest and costs, exceeds the sum of $75,000.

4.       The Court has jurisdiction over this claim against the Defendant, Joshua A.

Kaplan, for money damages pursuant to 28 U.S.C. § 1332.

## FACTS

5.      On or about March 11, 2020, at approximately 5:27 AM, Plaintiff, Michael Vieira was the operator of a motor vehicle which was traveling on Maurice J. Tobin Memorial Bridge, US-1, Boston, MA 02129.

6.      At or about the same date and time, Defendant, Joshua A. Kaplan, was the owner and operator of a motor vehicle which was traveling at or near the aforesaid intersection and/or the location of Plaintiff's vehicle.

7.       At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

8.      The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle, while Plaintiff was parked on the shoulder of Main Street.

9.      The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

10.     As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including lower back and legs, as set forth more fully below.


## COUNT I – NEGLIGENCE
### Michael Vieira v. Joshua A. Kaplan

11.     The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

    a.     Striking Plaintiff's vehicle resulting in clients vehicle being pinned against the rail of the bridge;

b.    Operating his/her vehicle into Plaintiff's lane of travel;

c.    Failing to maintain proper distance between vehicles;

d.    Operating his/her vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e.    Failing to have his/her vehicle under proper and adequate control;

f.    Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g.    Failure to keep a proper lookout;

h.    Failure to apply brakes earlier to stop the vehicle without striking Plaintiff's vehicle;

i.    Being inattentive to his/her duties as an operator of a motor vehicle;

j.    Disregarding traffic lanes, patterns, and other devices;

k.    Driving at a dangerously high rate of speed for conditions;

l.    Failing to remain continually alert while operating said vehicle;

m.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o.    Failing to exercise ordinary care to avoid a collision;

p.    Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.    Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

r.    Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s.    Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts pertaining to the operation and control of motor vehicles;

12.    As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including the lower back and legs, all to Plaintiff's great loss and detriment.

13.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14.    As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15.    As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, all to Plaintiff's great loss and detriment.

16.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

## PRAYER FOR RELIEF

18.     Plaintiff, therefore requests a judgment in Plaintiff's favor and against Defendant for compensatory damages and such other relief as this court deems just and proper.

Respectfully submitted,

SIMON & SIMON, P.C.

Dated:

BY:_____
Adam Holtman, Esquire

SIMON & SIMON, P.C.
Attorneys for Plaintiff
114 State Street, 4th Floor
Boston, MA 02109
857-233-0559
adamholtman@gosimon.com